**Entered on Docket**
**June 06, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: June 6, 2019

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 18-40158 |
| TAOW, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | Adv. Pro. No. 19-04020 |
| ) | |
| Paul Mansdorf, ) | |
| Chapter 7 Trustee ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | HEARING HELD |
| ) | Date: May 29 , 2019 |
| Rene G. Boisvert; Rene G. Boisvert, ) | Time: 10:30 a.m. |
| Trustee of the Rene G. Boisvert ) | Courtroom: 220 |
| Revocable Trust Dated August 4, ) | |
| 2004; Rene G. Boisvert as Trustee ) | |
| of the Greenwood Revocable Living ) | |
| Trust, U/A dated 6-12-2012; Bindy ) | |
| LLC, a Wyoming limited liability ) | |
| company; and 800 Center LLC, a ) | |
| California limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On May 29, 2019 the Court held a hearing on Plaintiff's *Motion for Partial Summary Judgment* (the "Motion") (doc. 17). For the reasons stated on the record, the Court found that it could grant Debtor's Motion based solely on what seemed to be an uncontested legal assertion

by Plaintiff that Defendant Rene G. Boisvert, as responsible individual for Debtor TAOW LLC, represented throughout the main bankuptcy case of TAOW LLC that the property subject to Plaintiff's Motion (the "Property") was solely owned by the Debtor via the Debtor's schedules and other documents signed under penalty of perjury by Defendant Boisvert. The Court found those judicial admissions to be worthy of estoppel effect and to be the law of the case. The judicial admissions were not disputed, and on that basis alone it would be appropriate to grant Plaintiff's Motion.

Another ground for partial Summary Judgment presented by Plaintiff's Motion was a disputed legal issue regarding the effect of two Assessment Parcel Numbers ("APNs") assigned to a single parcel, and whether each APN could be separately possessed and disposed of like any other piece of property. The underlying facts regarding the subject property were not in dispute: that the Property, a residence, straddles the border of the city of Oakland and the City of Piedmont, and that two APNs are assigned to the property.

Plaintiff argued and provided legal authority to support his proposition that an APN's sole purpose is to permit the efficient assessment and collection of taxes by assessor's offices in different municipalities, and has nothing to do with ownership or disposition of property per se. In other words, assigning one parcel for recordation two APNs would not make each APN separately assignable as its own parcel. *See Cafferkey v. City of San Francisco*, 236 Cal. App. 4th 858; 186 Cal. Rptr. 3d 862 (2015).

Defendants disputed Plaintiff's proposition on two grounds. First, Defendants asserted that *Cafferkey* was inapplicable to the facts of this case. Second, Defendants argued that a forthcoming title report would demonstrate, through a chain of ownership, the validity of the legal theory that separate APNs assigned to one property could be separately owned by different persons or entities.

The Court found *Cafferkey* to be applicable to this case, and overruled the Defendant's first argument. During the hearing counsel for Defendants conceded that he had been informed by a title company that it would not be possible to either produce a document which would either confirm ownership of one APN number by a party other than the Debtor or verify that such

separate ownership would be possible. On that basis Court believed and expressed its belief that the Defendants were withdrawing any opposition to the legal argument as to whether an APN would describe property that was itself transferable or separately ownable. The Court therefore decides that legal issue in favor of plaintiff and would grant summary judgment on that basis.

To the extent Defendants argued that in fact one APN associated with the subject property had been assigned to a person or entity other than the Debtor, that argument is abrogated by the Court's determination of the legal issue concerning the effect of APNs and any dispute about alleged ownership of one APN is thereby rendered moot.

Accordingly, the Court HEREBY ORDERS THAT:

1. Defendants' opposition to the Motion is overruled.

2. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable in this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, Plaintiff's Motion for Partial Summary Judgment is granted as set forth in this Order.

3. For the reasons stated above and on the record, the Court concludes that there are no genuine issues of material fact and that the Plaintiff is entitled, as a matter of law, to judgment against all of the Defendants with regard to the First Claim for Relief set forth in the Complaint – Quiet Title, with regard to certain real property commonly described as 610 Boulevard Way, Oakland, California with the following Legal Description:
Lot 4, Block D, Map of Piedmont Knoll, filed October 4, 1907, Map Book 23, Page 36, Alameda County Records
("Property").

4. Pursuant to California Code of Civil Procedure 760.020, *et seq.*, effective January 18, 2018, (i) the Property is vested in fee simple, in the Plaintiff, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of TAOW, LLC, and (ii) record title for the Property shall be and is vested for all purposes in the "Estate of TAOW, LLC, Paul Mansdorf Trustee, Case No. 18- 40158" free and clear of any claimed right, title, estate, lien or interest, express or implied, whatsoever, in the Property, by the Defendants or any of them.

5. Upon entry of this Order, Plaintiff's Second Claim for Relief under 11 U.S.C. §363(h) is moot and is hereby dismissed.

6. As to Plaintiff's Third Claim for Relief for an injunction, upon entry of this Order, the Court's Preliminary Injunction, Docket 20, entered April 25, 2019, shall be permanent injunction. Each of the Defendants are now, and for all time into the future, permanently enjoined and retrained from taking any future actions to: (i) claim any legal or equitable right, title or interest in the Property adverse to Plaintiff; (ii) cloud Plaintiff's title to or interest in the Property; and/or (iii) impair, or hinder the Plaintiff's administration of the Property, which may include, but are not limited to, actions affecting title to or possession of the Property (*e.g.*, transfers, liens, encumbrances or claims against the Property).

7. Plaintiff shall lodge a form of judgment in Plaintiff's favor with regard to the First Claim for Relief set forth in the Complaint.

**\*END OF ORDER\***

**Court Service List**